**UNI–BELL PVC PIPE ASSOCIATION,**
Plaintiff—Appellant,

v.

**CITY OF PHOENIX, ARIZONA,**
Defendant—Appellee.

No. 06–15127.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2007 *.

Filed Nov. 20, 2007.

Scott A. Holcomb, Mariscal Weeks Mcintyre & Friedlander, PA, Phoenix, AZ, George E. Rahn, Jr., Esq., Gregory J. Wartman, Esq., Saul Ewing, LLP, Philadelphia, PA, for Plaintiff–Appellant.

Bradley D. Holm, Holm Wright Hyde & Hays, Phoenix, AZ, for Defendant–Appellee.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and KORMAN **, Senior Judge.

MEMORANDUM ***

Uni–Bell PVC Pipe Association ("Uni–Bell") appeals the district court's grant of summary judgment to the city of Phoenix, Arizona ("Phoenix"). Phoenix does not allow the use of PVC pipe in its municipal sewer system. Uni–Bell, a trade organization for PVC pipe manufacturers, sued Phoenix to overturn this ban.

The district court held that Uni–Bell had "not presented facts from which a reasonable trier of fact could conclude that Phoenix acted fraudulently, in bad faith, or in an unquestionable abuse of discretion," and therefore granted Phoenix's motion

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for summary judgment. Uni–Bell argues that the court erred in requiring it to show bad faith or an unquestionable abuse of discretion. According to Uni–Bell, "[t]he correct standard is that a municipality abuses its discretion when it acts in a manifestly unreasonable manner or bases its action on untenable grounds." We review de novo the district court's grant of summary judgment.

The standards under Arizona law for evaluating legislative decisions, such as the one at issue in this case, have evolved over the years. Older cases apply a variety of deferential standards. *See Sulphur Springs Valley Elec. Coop. v. City of Tombstone,* 99 Ariz. 110, 407 P.2d 76, 78 (1965) ("In the absence of fraud or bad faith, the validity of [city officials'] actions will not be entertained by courts."); *Edwards v. State Bd. of Barber Examiners,* 72 Ariz. 108, 231 P.2d 450, 452 (1951) ("[T]he courts will acquiesce in the legislative determination of all matters of fact unless it is clearly erroneous, arbitrary and wholly unwarranted."); *City of Glendale v. White,* 67 Ariz. 231, 194 P.2d 435, 439 (1948) ("[T]he judicial branch will not assume to substitute its judgment for that of the governing body unless the latter's exercise of judgment or discretion is shown to have been unquestionably abused."). A more recent Arizona Supreme Court case, *Home Builders Assoc. of Central Arizona v. City of Scottsdale,* 187 Ariz. 479, 930 P.2d 993 (1997), states that "[legislative actions] of general application will be overturned by the courts only if a challenger shows the restrictions to be arbitrary and without a rational relation to a legitimate state interest." *Id.* at 996.

Under any of the standards, however, summary judgment was appropriate. In reviewing a grant of summary judgment, we "view the evidence in the light most favorable to ... the non-moving party."

*Truth v. Kent School Dist.,* 499 F.3d 999, 1006 (9th Cir.2007). "A grant of summary judgment is appropriate only where the moving party has demonstrated that there is no genuine issue of material fact." *Giles v. General Motors Acceptance Corp.,* 494 F.3d 865, 872 (9th Cir.2007).

Uni–Bell argues that it has raised a genuine issue of material fact about whether Phoenix's ban had a rational and non-arbitrary basis, because it introduced evidence that PVC pipe is an acceptable alternative to the vitrified clay pipe Phoenix currently uses, and because it has shown that the reports on which Phoenix relied were compiled by actors with past or current relationships with Phoenix. While this evidence may be viewed as offering alternatives to the ban, it does not undermine Phoenix's overwhelming evidence that Phoenix had a rational basis for its decision.

Phoenix introduced three reports, each of which provided facts and reasoning to support Phoenix's decision. Black & Veatch's final report noted that PVC pipe has a "demonstrated record of safety" and that it "is appropriate for consideration for use in the Phoenix system." Nonetheless, it also recommended that if Phoenix allowed PVC pipe, it should also "[e]xpand City staff and implement a process/budget to adequately control design and installation" and make other accommodations. The other two reports agreed, reasoning that inexperience with PVC pipe, particularly in the unique climate of Phoenix, would require additional attention and inspections. Each of the reports provided pros and cons of allowing the use of PVC pipe, and indicated that Phoenix would have to weigh them to come to a final decision.

Absent evidence that these reports are somehow a sham or that no rational committee could have come to these conclusions, they suffice to provide a rational

basis for Phoenix's decision. Uni–Bell's disagreement with the opinions in the reports and Phoenix's ultimate decision simply demonstrates that reasonable minds can differ on these questions, not that Phoenix had no rational basis for its position.

Uni–Bell's contention that the district court committed reversible error by granting summary judgment without a hearing is without support. A district court is not required to hold a hearing before granting summary judgment. *See* Fed.R.Civ.P. 56(e); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958–59 (9th Cir.1994). Finally, Uni–Bell's Fourteenth Amendment claim is waived, because Uni–Bell did not raise it below. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.